UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GREGORY E. WALKER,

Plaintiff(s),

v.

CAROLYN W. COLVIN,

Defendant(s).

Case No. 2:14-CV-480 JCM (PAL)

ORDER

Presently before the court is Magistrate Judge Leen's report and recommendation (the "R&R") regarding plaintiff Gregory Walker's (the "plaintiff") motion to remand to the Social Security Administration (ECF No. 15) and defendant Carolyn Colvin's (the "commissioner") cross-motion to affirm (ECF No. 18). (ECF No. 26). The plaintiff filed an objection (ECF No. 27), to which the commissioner responded (ECF No. 28).

**I. Facts**

On January 19, 2011, the plaintiff filed an application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act (the "SSA"), alleging that he became disabled on January 9, 2009. The commissioner denied the plaintiff's claim on initial determination and on reconsideration July 27, 2011, and April 12, 2012, respectively.

On April 30, 2012, the plaintiff requested a *de novo* hearing before an administrative law judge (the "ALJ"), which was held on November 6, 2012. On November 30, 2012, the ALJ overseeing the case found the plaintiff not disabled as defined by the SSA. The ALJ's decision

became final on January 31, 2014, when the appeals council denied the plaintiff's requests for review.

On April 1, 2014, the plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g), seeking reversal of the commissioner's decision. (ECF No. 1). The commissioner filed an answer on June 10, 2014. (ECF No. 11).

On July 14, 2014, the plaintiff moved to remand, arguing that the ALJ improperly departed from the accepted medical evidence without explanation in assessing the residual functional capacity ("RFC"), which precluded the work that the vocational expert identified. (ECF No. 15). On August 13, 2014, in response to the plaintiff's motion, the commissioner moved to affirm, contending that the ALJ properly concluded that the plaintiff could perform unskilled work and that a significant number of jobs accommodated him. (ECF No. 18).

In finding that substantial evidence supported the ALJ's decision under § 405(g), Magistrate Judge Leen recommended that the plaintiff's motion to remand be denied and that the commissioner's cross-motion to affirm be granted. (ECF No. 26). In the instant objection, the plaintiff makes a general objection to the R&R and reiterates his arguments that the ALJ erred. (ECF No. 27).

## II. Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405. *See Akopyan v. Barnhart*, 296 F.3d 852, 853 (9th Cir. 2002). Section 405(g) states, in relevant part:

> Any individual, after any final decision of the [c]ommissioner of [s]ocial [s]ecurity made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the [commissioner's] decision . . . , with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g).

The court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 2005). The court should defer to the commissioner's decision "if evidence exists to support more than one rational interpretation." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). However, the commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).

"Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The commissioner's findings of fact are conclusive if supported by

substantial evidence. 42 U.S.C. § 405(g); *see also Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Under the substantial evidence standard, "the [c]ommissioner's findings are upheld if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193.

"The claimant bears the burden of establishing a prima facie case of disability." *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). "An individual is disabled within the meaning of the Social Security Act when she 'is unable to engage in any substantial gainful activity by reason of any medically determinable physical impairment which . . . can be expected to last for a continuous period of not less than twelve months.'" *Id.* (quoting 42 U.S.C. § 1382c(a)(3)(A); citing 20 C.F.R. § 416.909).

The claimant's burden requires that she "make out a case both that she has an impairment listed in the regulations, and that she has met the duration requirement." *Id.* If a claimant can meet her initial burden, "the burden shifts to the [commissioner] to show that the claimant can perform other substantial gainful work that exists in the national economy." *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998); *see also Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Finally, in assessing whether a claimant is disabled, the ALJ follows a five step sequential process:

> Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1? If so, the claimant is disabled. If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> . . .

James C. Mahan
U.S. District Judge

Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

*Stout*, 454 F.3d at 1052 (citing 20 C.F.R. §§ 404.1520, 416.920); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

**III. Discussion**

In determining that the ALJ's decision was supported by substantial evidence and that the ALJ committed no legal error, Magistrate Judge Leen reviewed the administrative record as a whole and applied the proper legal analysis set forth above. (ECF No. 26). Based on a detailed and thorough analysis, Magistrate Judge Leen found that the ALJ's RFC findings were supported by substantial evidence and that the ALJ properly relied on Medical Vocational Rule 204.00, which directed a finding that the plaintiff was not disabled. (ECF No. 26 at 17).

In his objection to the R&R, the plaintiff asserts that the R&R should be rejected. (ECF No. 27 at 1, 3, 6). Aside from this general assertion, the plaintiff makes no objection to any particular portion of the R&R, nor does the plaintiff make any argument in support of his assertion. Rather, the entirety of plaintiff's objection improperly reiterates his objection to the ALJ's decision and argues that the ALJ erred. (ECF No. 27 at 3–5).

The court agrees with Magistrate Judge Leen's analyses and findings. Moreover, plaintiff's objection fails to identify any error in the R&R or provide any specific objections to the R&R. Therefore, after reviewing Magistrate Judge Leen's R&R, plaintiff's objection, and the commissioner's response *de novo*, the court adopts the R&R in full.

. . .

. . .

. . .

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Leen's report and recommendation (ECF No. 26), be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff Gregory Walker's motion to remand to the social security administration (ECF No. 15), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Carolyn Colvin's cross-motion to affirm (ECF No. 18), be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED August 25, 2016.

James C. Mahan

UNITED STATES DISTRICT JUDGE